Mark D. Mailman, I.D. No. MDM 1122
Gregory J. Gorski, I.D. No. GJG 3241
**FRANCIS & MAILMAN, P.C.**
Land Title Building, 19th Floor
100 South Broad Street
Philadelphia, PA 19110
(215) 735-8600

**Attorneys for Plaintiff**

## IN THE UNITED STATES DISTRICT COURT
## IN THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **JAMES DODGE** | |
| Plaintiff, | Civil Action No. |
| v. | **COMPLAINT** |
| **VELOCITY INVESTMENTS, LLC** and **DELTA OUTSOURCE GROUP, INC.** | **JURY TRIAL DEMANDED** **NON-ARBITRATION** |
| Defendants. | |

### PRELIMINARY STATEMENT

1. This is an action for damages brought by an individual consumer for Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. (hereafter the "FDCPA"), the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. §§ 227 and other common law claims. These laws prohibit debt collectors from engaging in abusive, deceptive, and unfair collection practices.

### PARTIES

2. Plaintiff James Dodge is an adult individual residing at 351 Walter Street, Prescott, WI 54021.

3. Defendant, Velocity Investments, LLC (hereafter "Velocity") is a business entity that regularly conducts business in the District of New Jersey, and which has a principal place of business located at 1800 State Route 34 Ste. 404A, Wall Township, NJ 07719. The principal purpose of Defendant is the collection of debts using the mails and telephone, and Defendant regularly attempts to collect debts alleged to be due another.

4. Defendant, Delta Outsource Group, Inc. (hereafter "Delta") is a business entity that regularly conducts business in the District of New Jersey, and which has a principal place of business located at 2847 Ingram Mill Road, Ste. A100, Springfield, MO 65804. The principal purpose of Defendant is the collection of debts using the mails and telephone, and Defendant regularly attempts to collect debts alleged to be due another.

## JURISDICTION AND VENUE

5. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. § 1331, 1337, and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367.

6. Venue lies in this district pursuant to 28 U.S.C. § 1391(b).

## FACTUAL ALLEGATIONS

7. At all pertinent times hereto, Defendants were hired to collect a debt relating to an account originally owed to Household Bank (hereafter the "debt").

8. The alleged debt at issue arose out of a transaction which was primarily for personal, family or household purposes.

9. At all times pertinent hereto, Defendant made use of an automatic telephone dialing system to contact Plaintiff on his cellular telephone.

10. On or about June 8, 2006, Velocity obtained a judgment in regards to the debt against Plaintiff in the amount of $2342.11.

11. On or about February 18, 2013, Plaintiff received a collection letter from Delta, collecting on behalf of Velocity, attempting to collect on the judgment, claiming that Plaintiff owed the amount of $4,052.74.

12. On or about February 18, 2013, Plaintiff contacted Delta regarding the collection letter Plaintiff received attempting to collect the debt. Plaintiff informed Delta's representative that judgment was much less than what was demanded in the letter.

13. Notwithstanding the above, Defendants continued to contact Plaintiff on his cellular telephone in attempting to collect the debt without his permission or consent, seeking payment substantially in excess of the judgment obtained.

14. Defendants acted in a false, deceptive, misleading and unfair manner by falsely representing the character, amount, or legal status of any debt.

15. Defendants acted in a false, deceptive, misleading and unfair manner by using any false representation or deceptive means to collect or attempt to collect any debt or to obtain any information concerning a consumer.

16. Defendants acted in a false, deceptive, misleading and unfair manner by using unfair or unconscionable means to collect or attempt to collect any debt.

17. Defendants acted in a false, deceptive, misleading and unfair manner when they collected any amount (including any interest, fee, charge or expense incidental to the principal obligation) which is not expressly authorized by an agreement creating the debt or permitted by law.

18. Defendants knew or should have known that their actions violated the FDCPA and the TCPA. Additionally, Defendants could have taken the steps necessary to bring their

agent's actions within compliance of these statutes, but neglected to do so and failed to adequately review those actions to insure compliance with said laws.

19. At all times pertinent hereto, Defendants were acting by and through their agents, servants and/or employees, who were acting within the scope and course of their employment, and under the direct supervision and control of the Defendants herein.

20. At all times pertinent hereto, the conduct of Defendants as well as their agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal and state law and the rights of the Plaintiff herein.

21. As a result of Defendants' conduct, Plaintiff has sustained actual damages, including, but not limited to injury to Plaintiff's reputation, invasion of privacy, damage to Plaintiff's credit, out-of-pocket expenses, emotional and mental pain and anguish, embarrassment, humiliation, damage to reputation and pecuniary loss and will continue to suffer same for an indefinite time in the future, all to his great detriment and loss.

### COUNT I – ALL DEFENDANTS
### VIOLATIONS OF THE FDCPA

22. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

23. Defendants are "debt collectors" as defined by 15 U.S.C. § 1692a(6) of the FDCPA.

24. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) of the FDCPA.

25. The above contacts between Defendants and Plaintiff were "communications" relating to a "debt" as defined by 15 U.S.C. § 1692a(2) and 1692a(5) of the FDCPA.

26. Defendants violated the FDCPA. Defendants' violations include, but are not limited to, violations of 15 U.S.C. §§ 1692e(2)(A), 1692e(10), 1692f, and 1692f(1), as evidenced by the following conduct:

    (a) Falsely representing the character, amount, or legal status of a debt;

    (b) Using any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer;

    (c) Using unfair or unconscionable means to collect or attempt to collect any debt; and

    (d) Collecting any amount (including any interest, fee, charge or expense incidental to the principal obligation) which is not expressly authorized by an agreement creating the debt or permitted by law.

27. Defendants' acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of coercing Plaintiff to pay the alleged debt.

28. As a result of the above violations of the FDCPA, Defendants are liable to Plaintiff in the sum of Plaintiff's statutory damages, actual damages and attorney's fees and costs.

## COUNT II – ALL DEFENDANTS
## VIOLATIONS OF THE TCPA

29. Plaintiffs incorporate the foregoing paragraphs as though the same were set forth at length herein.

30. At all times relevant hereto, Defendants used, controlled and/or operated an "automatic telephone dialing system" as defined by § 227(a)(1) of the TCPA.

31. Defendants initiated multiple calls to Plaintiff's cellular telephone using an automatic telephone dialing system to make the calls without the express consent of Plaintiff in violation of 47 U.S.C. §§ 227(b)(1)(A)(iii) of the TCPA.

32. The acts and/or omissions of Defendants were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification, or legal excuse.

33. As a result of the above violations of the TCPA, Defendants are liable to Plaintiff in the sum of Plaintiff's statutory, actual, and treble damages.

## COUNT III – ALL DEFENDANTS
## INVASION OF PRIVACY

34. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

35. Defendants' conduct, including but not limited to continuing to contact Plaintiff his cellular telephone in connection with a debt without his express permission, constitutes an invasion of privacy.

36. The conduct of Defendants was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, damages, and harm to Plaintiff that are outline more fully above and, as a result, Defendants are liable to compensate the Plaintiff for the full amount of actual, compensatory, and punitive damages, as well as such other relief, permitted under law.

## JURY TRIAL DEMAND

37. Plaintiff demands trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that relief be granted as follows:

 (a) Actual damages;

 (b) Statutory damages;

 (c) Punitive damages;

 (d) Costs and reasonable attorney's fees; and

 (e) Such other and further relief as may be just and proper.

## DESIGNATION OF TRIAL COUNSEL

Plaintiff hereby designates Mark Mailman and Gregory Gorski as trial counsel in the above-captioned matter. Plaintiff reserves the right to amend this designation as necessary.

## ARBITRATION CERTIFICATION

I, Mark Mailman, counsel of record do hereby certify pursuant to Local Civil Rule 201.1(d) that relief other than monetary damages is sought and that the damages sought are in excess of $150,000. I further certify that, to my knowledge, the within case in not related to any case now pending or within one year previously terminated action in this court.

Respectfully Submitted,

**FRANCIS & MAILMAN, P.C**.

BY: */s/ Mark D. Mailman*
   MARK D. MAILMAN, ESQUIRE
   GREGORY J. GORSKI, ESQUIRE
   Land Title Building, 19th Floor
   100 South Broad Street
   Philadelphia, PA 19110
   (215) 735-8600

   Attorneys for Plaintiff

DATE: May 21, 2013